**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-138-FDW**

| | |
|---|---|
| ARTHUR JAY GOULETTE, ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| **KENNETH E. LASSITER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. §§ 1915A and 1915(e). Also pending are Plaintiff's Motion to Appoint Counsel, (Doc. No. 7), and Motion for Preliminary Injunction, Motion for Temporary Restraining Order, (Doc. No. 8). Plaintiff has been granted in forma pauperis status. (Doc. No. 10).

**I.    BACKGROUND**

Pro se Plaintiff, a North Carolina prisoner incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on August 27, 2018, pursuant to 42 U.S.C. § 1983, naming eleven persons as Defendants, including North Carolina Department of Public Safety administrators, correctional officers, and others, employed at all relevant times at various North Carolina prisons, including Maury Correctional Institution, Central Prison, and Alexander Correctional Institution. Plaintiff purports to bring numerous claims against Defendants, including violations of his federal constitutional rights under the Eighth, First, Fifth,

1

and Fourteenth Amendments. Plaintiff complains about numerous alleged incidents of excessive force at different North Carolina prisons at different times by various Defendants, and he also alleges claims of failure to protect based on his allegations that other inmates have attacked him on different occasions at various North Carolina prisons, and Defendants did not prevent the assaults or protect him from them. The grievances attached to Plaintiff's Complaint indicate that Plaintiff sought protective custody status when transferred to Alexander Correctional, where he is now incarcerated, but that prison officials determined that Plaintiff did not provide "sufficient evidence to require protective custody." See (Doc. No. 1 at 67). Plaintiff also complains of "retaliation" and "harassment" by Defendants, and he also purports to bring various state law claims, including intentional infliction of emotional distress. Plaintiff seeks compensatory and punitive damages, as well as transfer away from Alexander Correctional, or to be placed in protective custody if he must remain at Alexander.

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Here, court records indicate that Plaintiff has filed at least three civil

actions that have been dismissed as frivolous, malicious, or for failure to state a claim for relief.[1]

See Goulette v. Dep't of Pub. Safety, No. 5:16-ct-3142, Doc. No. 11 (E.D.N.C. Dec. 7, 2016) (on initial screening under Section 1915(e)(2), dismissing Plaintiff's Eighth Amendment claims "for failure to state a claim"); Goulette v. The Star Newspaper, No. 5:06-ct-18-BO, Doc. No. 4 (E.D.N.C. Apr. 12, 2006) (on initial screening under Section 1915, dismissing Plaintiff's claim as "frivolous"); Goulette v. Krynicki, No. 5:06-ct-3022-BO, Doc. No. 19 (E.D.N.C. Feb. 15, 2007) (on the defendants' summary judgment motion, concluding that "[t]he Eighth Amendment claim must fail" because Plaintiff did not state an Eighth Amendment claim based on failure to protect).[2] Accordingly, Plaintiff is subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury. Plaintiff fails to demonstrate in his Complaint in this action that he was under imminent danger of serious physical injury as required by § 1915(g) when he filed this action. Plaintiff has complained of assaults and generalized threats by gang members in every prison where he has so far been incarcerated in North Carolina, but he does not articulate any specific threat since being transferred to Alexander. Moreover, as noted, prison officials at Alexander found that Plaintiff

---

[1] Plaintiff is a frequent filer of civil rights actions, having filed at least ten Section 1983 actions since 2006.

[2] As to the last cited case, Goulette v. Krynicki, No. 5:06-ct-3022-BO, Doc. No. 19 (E.D.N.C. Feb. 15, 2007), this Court is aware of the Fourth Circuit Court of Appeals 2013 holding in Blakely v. Wards that, regardless of the procedural posture of a dismissal, dismissed suits count as strikes only when "dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted." 738 F.3d 607, 614 (4th Cir. 2013) (alternations omitted). The language of the Eastern District of North Carolina's order in Goulette v. Krynicki satisfies Blakely for purposes of counting as a strike. That is, in its summary judgment order, the district court first set forth the elements required to state a claim for failure to protect under the Eighth Amendment. The court then noted that, as to the elements of failure to protect, Plaintiff failed to allege either injury or that he faced a substantial risk of harm, and the court stated that Plaintiff's "Eighth Amendment claim must fail." This language qualifies as a dismissal based on "failure to state a claim upon which relief may be granted" and therefore satisfies Blakely.

has not produced sufficient evidence to warrant placing him in protective custody.  In sum, for the reasons stated herein, this action will be dismissed without prejudice to refile this action after Plaintiff has paid the full filing fee.[3]

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss this action because Plaintiff is barred by the three-strikes rule in § 1915(g), he has not shown that he is under imminent risk of serious physical injury, and he has not paid the filing fee.  This action is dismissed without prejudice to Plaintiff to refile after paying the full filing fee.

**IT IS, THEREFORE, ORDERED** that:

1. For the reasons stated herein, this action is dismissed without prejudice to Plaintiff to refile after paying the full filing fee.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 7), and Motion for Preliminary Injunction, Motion for Temporary Restraining Order, (Doc. No. 8), are **DENIED** as moot.

3. The Clerk is respectfully instructed to terminate this action.

---

[3] If Plaintiff were to refile the Complaint as it is currently drafted, however, it would be subject to dismissal based on another deficiency.  Under Rule 18(a) of the Federal Rules of Civil Procedure, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant.  See FED. R. CIV. P. 18(a).  However, to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact.  See FED. R. CIV. P. 20(a)(2).  Here, Plaintiff's Complaint brings multiple, unrelated claims against numerous defendants, based on incidents that allegedly occurred at different times, by different Defendants, and at three different North Carolina prisons.  Thus, Plaintiff's allegations fail to comply with the rules governing the joinder of multiple claims and defendants in the same lawsuit.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act).

Signed: February 11, 2019

Frank D. Whitney
Chief United States District Judge